UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

14 East 52nd Street Devco LLC,

                              Debtor.
-------------------------------------------------------------------x
14 East 52nd Street Devco LLC,

                              Plaintiff,

      -against-

Inmoprisa, USA, Inc.,

                              Defendant.
-------------------------------------------------------------------x

Chapter 11

Case No. 23-41364 (ESS)

Adv. Pro No.
23-_____ (ESS)

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT
FINDING AND DECLARING THAT (i) THE DEFENDANT/SELLER'S NOTICE
OF DEFAULT IS INEFFECTIVE TO TERMINATE THE APA; AND (ii) THE
DEFENDANT/SELLER DID NOT MAKE A CONFORMING TENDER**

The plaintiff-debtor herein, 14 East 52nd Street Devco LLC (the "Debtor"), by and through its proposed attorneys, Goldberg Weprin Finkel Goldstein, LLP, as and for its Complaint against the defendant, Inmoprisa, USA, Inc. (the "Defendant/Seller"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. The Debtor is a would-be buyer of certain real property and the assignee of a Contract of Sale, dated February 23, 2023 (the "APA"), providing for the sale and acquisition of development property located at 14 East 52nd Street, New York, New York (the "Property") for a purchase price of $22.5 million, including a deposit of $3 million.

2. Prior to bankruptcy, the Debtor requested an extension of the April 10, 2023 closing date to complete negotiations with a third-party institutional lender relating to acquisition financing. As the closing date approached, the APA was assigned by the original buyer thereto

1

(Raciv Corp.) to the Debtor as buyer, as permitted by the APA. Accordingly, all rights and obligations of the buyer passed to the Debtor under the APA.

3. The Debtor renewed its request for an extension to close. The Defendant/Seller, however, refused to grant an extension, and instead issued a purported five (5) business days' notice of default on April 13, 2023 (the "Purported Default Notice") seeking to terminate the APA on April 20, 2023. In advance of the end of the termination deadline, the Debtor commenced this Chapter 11 case to preserve the *status quo* and prevent a forfeiture of the Debtor's rights under the APA.

4. Besides the sixty (60) day statutory extension afforded to the Debtor under 11 U.S.C. §108(b) to close, the Debtor is instituting this Adversary Proceeding to challenge the effectiveness of the Purported Default Notice, which was not served in strict conformity with the notice provisions of the APA. Among other things, the notice was not served upon the Debtor as purchaser, but only upon counsel by email, and the Defendant/Seller did not actually exercise an option to terminate the APA. The notice provisions of the APA must be followed to the absolute letter in order to be effective, particularly when a potential forfeiture of rights is involved. Additionally, the Defendant/Seller never made a conforming tender of all required closing documents and deliveries as required by the APA and, thus, was not in a position to close on April 10, 2023 in any event.

5. The Debtor is entitled to Declaratory Judgment that the Purported Default Notice is ineffective and, therefore, the Defendant/Seller is prevented from immediately enforcing the same, particularly in the absence of a conforming and complete tender. Given these infirmities, the Debtor should be afforded a reasonable time to close under the APA once this Adversary Proceeding is decided.

## BANKRUPTCY COURT JURISDICTION

6. The Bankruptcy Court has constitutional authority to enter a final judgment in this Adversary Proceeding as a "core" proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (B), (E), (M), (N) and (O) in that the Complaint affects the administration of the bankruptcy case; relates to allowance or disallowances of claims against the bankruptcy estate; involves property rights of the Debtor's estate and concerns matters affecting the purchase of assets by the Debtor.

## PARTIES

7. The Debtor is a Delaware limited liability company with offices at 9322 3rd Ave Ste 502, Brooklyn, NY 11209-6802.

8. The Defendant is a New York corporation, having an address at c/o John A. Goodman, Esq., 258 Kitchawan Road, South Salem, New York 10590.

## BACKGROUND FACTS

9. The Debtor is the duly recognized assignee of the APA with all continuing rights to purchase and acquire the Property pursuant to the APA. A copy of the APA is annexed hereto as Exhibit "A". A copy of the assignment of the APA to the Debtor is annexed hereto as Exhibit "B".

10. The APA relates to the sale of development property as defined thereunder, plus related assets, to the Debtor, and provides for a closing to "occur on or about April 10, 2023 . . . ." (*See,* Exhibit "A", Section 1.3). The APA later provides "[t]ime shall be of the essence with respect to the obligations of Buyer to purchase the Premises on the Closing Date".

11. The terminology "on or about April 10, 2023" indicates, in the first instance at least, that a strict closing deadline was not intended. It is internally inconsistent with the last sentence

of Section 1.3 imposing a time of the essence closing. The dual reference between a non-time of the essence closing and a time of the essence creates an ambiguity in the APA.

12. The Debtor approached the April 10, 2023 closing date with due recognition that negotiating to obtain a consensual extension of time was the best course of action available and would obviate the need for legal alternatives. Accordingly, repeated efforts were made to obtain a consensual extension of the time to close from the Defendant/Seller without success prior to and after April 10, 2023.

13. The Purchaser's failure to close on April 10, 2023 is not a ground for automatic termination of the APA. Even after April 10, 2023, the Defendant/Seller was required to provide a separate and independent notice of the Debtor's alleged default in not closing pursuant to Section 21.1 of the APA.

14. Section 21.1 provides as follows:

> If, on or before the Closing Date, (i) Buyer is in default of any of its obligations hereunder, or (ii) any of Buyer's representations or warranties are, in the aggregate, untrue, inaccurate or incorrect in any material respect, or (iii) the Closing otherwise fails to occur by reason of Buyer's failure or refusal to perform its obligations hereunder in a prompt and timely manner, and any such circumstance described in any of clauses (i), (ii) or (iii) continues for five (5) business days after written notice from Seller to Buyer, which written notice shall detail such default, untruth or failure, as applicable, then Seller may elect to (a) terminate this Contract by written notice to Buyer, promptly after which the Deposit shall be paid to Seller as liquidated damages and, thereafter, the parties shall have no further rights or obligations hereunder except for obligations which expressly survive the termination of this Contract, or (b) waive the condition and proceed to Closing. (*See,* Exhibit "A").

15. All notices under or in connection with the APA are subject to a dual notice requirement of service upon the party at its designated address and the party's counsel. A simple notice does not suffice even if directed to counsel. In this regard, Section 12 of the APA provides as follows:

> All notices, requests, consents and other communications required or permitted to be delivered hereunder shall be in writing and shall be delivered by Federal Express or other national air courier (or by e-mail transmittal to counsel for the receiving party provided same is sent the same day by to the receiving party by Federal Express or other national air courier, as follows):
>
> . . .
>
> To Buyer at:     The address first above given.
> With a copy to:  Goldberg Weprin Finkel Goldstein LLP
>                  125 Park Avenue, 12th Floor
>                  New York, New York 10017
>                  Attention: Andrew W. Albstein, Esq.
> Email:           aalbstein@gwfglaw.com; swolf@gwfglaw.com
>
> . . . .

16. Contrary to the provisions of Sections 12 and 21.1 of the APA, the Defendant/Seller, through counsel, sent a non-confirming notice directed only to purchaser's counsel without naming the Debtor or its predecessor as purchaser as an addressee or notice party.

17. Moreover, the Purported Default Notice, a copy of which is annexed hereto as Exhibit "C", failed to indicate whether the Defendant/Seller was actually exercising its option to terminate the APA, quoting instead Section 21.1 and then indicating the closing "failed to occur" and the Debtor/Buyer was "in default of its obligations under the Contract" without anything more.

18. Thus, the Purported Default Notice was both procedurally deficient (*i.e.*, incomplete service) and substantively deficient (*i.e.*, failure to actually exercise an option to terminate) to completely extinguish all of the Debtor's rights under the APA, even without the ensuing commencement of the Chapter 11 case.

19. Still intending to close, the Debtor opted to commence this Chapter 11 case before the close of business on April 20, 2023 (that being five (5) business days after the issuance of the deficient Purported Default Notice on April 13, 2023.

20. The Defendant/Seller did nothing to remedy the deficiencies relating to the Purported Default Notice, nor did the Defendant/Seller deliver any of the closing documents specified in Section 7.3 of the APA at or prior to April 13, 2023 or at or prior to April 20, 2023 for that matter.

21. Specifically, no actual tender was made by the Defendant/Seller at any time prior to April 20, 2023 to properly establish and evidence that the Defendant/Seller was ready, willing and able to perform its obligations under the APA in its own right, replete with funds to pay the transfer taxes in accordance with Section 8.2 thereof.

22. The ensuing commencement of this Chapter 11 case has now stayed the Defendant/Seller from exercising any further rights against the Debtor absent further Order of this Court.

**AS AND FOR A FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT**
**(Finding the Purported Default Notice is Ineffective)**

23. The Debtor repeats and realleges the allegations set forth in paragraphs "1" through "22" above as though set forth at length herein.

24. The APA is and remains a valid and binding agreement which did not terminate prior to the commencement of this Chapter 11 case.

25. Pursuant to Section 21.1 thereof, the Defendant/Seller retained the option to terminate the APA based upon a default by the Debtor, subject to receipt of a conforming notice issued in compliance with Section 12 that made clear that the Defendant/Seller intended to exercise its option to terminate the APA.

26. As detailed above, a proper or fully conforming notice complying with the provisions of both Sections 12 and 21.1 of the APA was never given by the Defendant/Seller to the Debtor. As such, the right to terminate the APA was not properly triggered.

6

27. Even assuming, *arguendo*, that a fully conforming notice was given, the Defendant/Seller still could not properly terminate the APA absent a full and complete tender of all documents, deliveries and transfer taxes as required by the APA, which likewise did not occur.

28. In fact, the Defendant/Seller never convened an actual closing ceremony or made any arrangements with the title company in advance of April 13, 2023 to make a full and complete tender.

29. For purposes of bankruptcy, the APA was, and continues to constitute an executory contract within the meaning of Section 365 of the Bankruptcy Code. As such, the Debtor may assume the APA at any time until confirmation of a plan under Section 365(d)(2) of the Bankruptcy Code.

30. Even if the failure to close on April 13, 2023 was subject to a time of the essence requirement (which is contested) that deadline does not give rise to automatic termination of the APA, since the Defendant/Seller is still required to issue a separate five (5) business days' notice of default.

31. The Debtor's continuing rights under the APA creates a justiciable controversy between the parties, which requires entry of a Declaratory Judgment determining the parties' respective rights and remedies in bankruptcy.

32. In view of all of the foregoing, the Debtor is entitled to a Judgment declaring and finding, *inter alia*, (i) the APA was not terminated by the Defendant/Seller prior to bankruptcy; (ii) that the Purported Default Notice was ineffective; (iii) even if the Purported Default Notice was effective, Defendant/Seller did not make a conforming and complete tender of all deliveries on April 13, 2023 or thereafter, as required by the APA; and (iv) the Debtor is entitled to a reasonable extension of the time to close following resolution of this Adversary Proceeding.

**AS AND FOR A SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

33. The Debtor repeats and realleges the allegations set forth in paragraphs "1" through "32" above as though set forth at length herein.

34. This Court has the power to provide injunctive relief in bankruptcy under Federal Rule 65, Bankruptcy Rule 7065 and 11 U.S.C. §105(a), which provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [title 11]".

35. The Defendant/Seller's insistence on enforcing the deficient Purported Default Notice will cause imminent and irreparable harm to the Debtor and the Debtor's ability to reorganize unless the closing date is extended even beyond sixty (60) days under 11 U.S.C. §108(b).

36. The Debtor has a reasonable likelihood of success in the Adversary Proceeding, and a reasonable likelihood of success of reorganizing if a reasonable time to close is provided.

37. In comparison to the extreme harm to the Debtor, the Defendant/Seller will suffer no corresponding prejudice by a short extension of the time to close. Accordingly, the relative harms weigh in favor of the Debtor.

38. There are no competing public interests at stake in this lawsuit.

39. In view of the foregoing, the Debtor is entitled to injunctive relief extending the closing for a reasonable period of time, but not beyond October 1, 2023.

WHEREFORE, the Debtor prays for a judgment consistent with the foreclosing as follows:

  a) On its first cause of action, Declaratory Judgment, a declaration and finding that (i) the APA was not terminated by the Defendant/Seller prior to bankruptcy; (ii) that the Purported Default Notice was ineffective; (iii) even if the Purported Default

        Notice was effective, the Defendant/Seller did not make a conforming and complete tender on April 13, 2023 as required by the APA; and (iv) the Debtor is entitled to a reasonable extension of the time to close following resolution of this Adversary Proceeding;

b)  On its second cause of action, injunctive relief extending the closing date for a reasonable period of time, but not later than October 1, 2023; and

c)  Granting to the Debtor such other and further relief as the Court deems just and proper.

Dated: New York, NY
       May 17, 2023

                Goldberg Weprin Finkel Goldstein LLP
                Attorneys for the Plaintiff/Debtor
                125 Park Avenue, 12th Floor
                New York, NY 10017
                (212) 221-5700

                By:    /s/ Kevin J. Nash, Esq.