**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
**In Re:**

**14 EAST 52ND STREET DEVCO LLC,**

                **Chapter 11**

                **Case No. 23-41364-ess**

                **Debtor.**
-----------------------------------------------------------X
**14 EAST 52ND STREET DEVCO LLC,**

                **Plaintiff,**

**v.**                **Adv. Pro. No. 23-01037-ess**

**INMOPRISA USA INC.**

                **Defendant.**
-----------------------------------------------------------X

**STIPULATION AND AGREED ORDER**

14 East 52nd Street Devco LLC (the "Debtor") and Inmoprisa, USA, Inc. (the "Inmoprisa," and together with the Debtor, the "Parties"), through their undersigned counsel hereby enter into this stipulation and agreed order (the "Stipulation and Order").

WHEREAS, Inmoprisa is a seller under that certain Contract of Sale, dated as of February 23, 2023 (the "Contract"), between Inmoprisa, as seller, and Raciv Corp., as buyer, in connection with the sale of certain premises known as 14 East 52nd Street, New York, New York, and related assets as more fully set forth therein (the "Property");

WHEREAS, pursuant to the Contract, Raciv Corp. paid a deposit in the amount of $3 million (the "Deposit") to be held by John A. Goodman as escrow agent (the "Escrow Agent") and to be applied in accordance with the Contract;

WHEREAS, pursuant to that certain Assignment of Contract, dated as of April 8, 2023, Raciv Corp. assigned and transferred to the Debtor all of Raciv Corp.'s right, title and interest in and to the Contract (including but not limited to any contract deposit delivered in accordance with the Contract), and the Debtor agreed to perform any and all obligations of Raciv Corp. pursuant to the Contract;

WHEREAS, closing was to occur under the Contract on or about April 10, 2023, while the Contract also provided that "[t]ime shall be of the essence with respect to the obligation of Buyer to purchase the Premises on the Closing Date";

WHEREAS, the Debtor did not close on April 10, 2023;

WHEREAS, on April 13, 2023, Inmoprisa issued a five (5) business day notice of default (the "Default Notice") to the Debtor as a result of the Debtor's failure to close under the Contract on or prior to April 10, 2023, allowing the Debtor to close up to April 20, 2023;

WHEREAS, on April 20, 2023, the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court");

WHEREAS, on May 5, 2023, Inmoprisa filed a *Motion for Entry of an Order Permitting Inmoprisa to Market the Property and Granting Related Relief* (the "Motion") [Dkt. No. 13]; on May 18, 2023, the Debtor filed its *Limited Opposition to Motion of Inmoprisa, USA, Inc. for Relief from the Automatic Stay* (the "Objection") [Dkt. No. 18] and on May 22, 2023, Inmoprisa filed its *Reply in Further Support of Its Motion For entry of Order Permitting Inmoprisa to Market the Property and Granting Related Relief* (the "Reply"), [Dkt. No. 19];

WHEREAS, on May 17, 2023, the Debtor filed *an Adversary Complaint for Declaratory Judgment Finding and Declaring that (i) the Defendant/ Seller's Notice of Default is Ineffective to*

*Terminate the APA; and (ii) the Defendant/ Seller Did Not Make a Conforming Tender* (the "Adversary Complaint") [Dkt. No. 17];

WHEREAS, the Debtor and Inmoprisa (collectively, the "Parties") have met and conferred in good faith to reach a resolution on closing under the Contract and with respect to the Motion and Adversary Complaint.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Debtor and Inmoprisa, which agreement, when "so-ordered" by the Court, shall constitute an order of the Court, as follows[1]:

1. The Debtor shall have until August 7, 2023 (the "Outside Date") to close on the sale of the Property, with no further extensions, **time being of the essence**.

2. The Debtor shall not seek, and the Court will not grant, any further extension of the Outside Date absent prior written agreement by Inmoprisa.

3. The Debtor shall provide to Inmoprisa by June 1, 2023 a term sheet from Emerald Creek, a copy of which is acknowledged, as well as updated documentation reasonably evidencing its ability to purchase the Property by June 15, 2023.

4. The Debtor shall file its chapter 11 plan by June 5, 2023, which shall contemplate the purchase of the Property consistent with this Stipulation and Agreed Order.

5. If the Debtor fails to (i) to provide updated documentation evidencing its financial wherewithal to Inmoprisa by June 15, 2023 or (ii) to file a chapter 11 plan by June 5, 2023, the Outside Date is deemed to have immediately and automatically occurred. The Seller shall not communicate with prospective lenders about the terms of the prospective financing without the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Contact.

3

Debtor's consent and the terms of prospective financing are confidential until set forth in the Debtor's disclosure statement.

6. The Adversary Complaint is hereby withdrawn with prejudice, and the Debtor hereby waives any right to assert that the Default Notice was defective, deficient or otherwise not in accordance with the Contract.

7. Neither the Debtor nor Raciv Corp. nor either of the foregoing's principals, managers, officers, directors, agents or affiliates, shall object to, delay, prevent, frustrate, impede or take any other action to interfere with, directly or indirectly, the marketing of the Property or the sale of the Property to a third party, including by assignment of the Contract, initiation of any additional litigation or the filing of any pleading, in the Bankruptcy Court or otherwise.

8. Inmoprisa and its agents may continue to market the Property during the pendency of the Debtor's chapter 11 bankruptcy case.

9. At any time Inmoprisa may enter into a contract with a third party to sell the Property; provided such contract shall only permit the sale of the Property if the Debtor fails to close under the Contract by the end of the Outside Date.

10. The Escrow Agent is authorized and directed to release the $3,000,000 Deposit to Inmoprisa which will be credited against the Purchase Price if closing of the Contract occurs by the Outside Date.

11. Upon the closing of the Contract, in addition to any other amounts owing under the Contract (including under Section 8 thereof) the Debtor will pay at closing an additional $500,000 to Inmoprisa as additional liquidated damages resulting from the Debtor's delay in closing; provided that such amount will not be payable if Inmoprisa is not required to pay the transfer tax

under Section 8.2 of the Contract, as a result of the sale being consummated pursuant to a chapter 11 plan.

12. Except as set forth herein, all of Inmoprisa's rights are reserved.

13. Copies of all notices to Inmoprisa shall be also sent to Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY 10020 Attn: Lucy F. Kweskin (LKweskin@mayerbrown.com) and Nathan Sevilla (NSevilla@mayerbrown.com).

14. The automatic stay under section 362(a) of the Bankruptcy Code is hereby modified as necessary to effectuate the terms set forth in this Stipulation and Order.

15. Nothing contained in the Stipulation and Order shall operate as an amendment, modification, or cancellation of any part of any contract between any of the Parties; provided that if the Debtor closes on the Property by August 7, 2023, the Closing Date shall be deemed modified to August 7, 2023, solely with respect to the Debtor. Nothing contained herein shall excuse the Seller from any of its obligations under the Contract or prohibit the exercise of any of the Seller's rights or remedies therein. Nothing contained herein shall affect Raciv Corp.'s obligations under the Contract.

16. The Stipulation and Order shall be binding on and inure to the benefit of the Parties hereto and their respective successors and assigns.

17. The Stipulation and Order shall not be modified, altered, amended, or vacated without written consent of the Parties. Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Court.

18. The terms and conditions of the Stipulation and Order shall be immediately effective and enforceable upon its entry.

19.     The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Order.

[signatures on the following page]

Dated: June 5, 2023

/s/ Lucy F. Kewskin
**MAYER BROWN LLP**
Brian Trust
Lucy F. Kweskin
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 506-2500
Email: BTrust@mayerbrown.com
       LKweskin@mayerbrown.com

*Counsel to Inmoprisa USA, Inc.*

/s/ Kevin J. Nash
**GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**
Kevin J. Nash
125 Park Avenue, 12th Floor
New York, New York 10017
Tel: (212) 221-5700
Email: knash@gwfglaw.com

*Proposed Counsel to the Debtor*

**IT IS SO ORDERED.**

Dated: Brooklyn, New York
June 7, 2023



_____
Elizabeth S. Stong
United States Bankruptcy Judge